OPINION
Plaintiff-appellant Daniel L. Clodfelter appeals the October 30, 2000, Judgment Entry of the Guernsey County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Sheila A. Clodfelter.
 STATEMENT OF THE FACTS AND CASE
Plaintiff-appellant Daniel L. Clodfelter [hereinafter appellant] and defendant-appellee Sheila A. Clodfelter [hereinafter appellee] were married on October 15, 1994. On December 10, 1999, appellant filed a Complaint for Divorce in the Guernsey County Court of Common Pleas, Domestic Relations Division. No children were born as issue of the marriage. A contested divorce hearing was held before a Magistrate on July 10, 2000, and August 3, 2000. On August 21, 2000, appellant filed a Motion for New Trial. In the motion, appellant contended that the appellee engaged in misconduct during the course of the trial by testifying that a male dog, named Toby, was acquired by the parties after the marriage, when, according to appellant, the dog was owned by appellant prior to the marriage. In support of his claim, appellant attached documentary evidence which appellant asserted supported his claim. Thereafter, on August 29, 2000, the Magistrate issued a Decision in which it denied appellant's Motion for New Trial. The Magistrate noted that at the two day hearing appellant never challenged appellee's testimony that the parties obtained Toby together and that the evidence offered by appellant was available at the time of the hearing and, therefore, could have been presented at that time. On September 7, 2000, the Magistrate issued a "Decision and Decree of Divorce." That same day, September 7, 2000, the trial court issued a Judgment Entry in which it adopted and approved the Magistrate's Decision. The trial court therein granted the parties a divorce and ordered the division of the property and debts. On September 18, 2000, appellant filed Objections to the Magistrate's Decision. On October 17, 2000, with leave of the court, appellant filed a Memorandum in Support of his Objections. On October 25, 2000, the trial court returned the matter to the Magistrate with instructions to make further Findings of Fact and Conclusions of Law. Thereafter, on October 30, 2000, the Magistrate issued a Decision in which additional Findings of Fact, based on appellant's Objections, were provided. On October 30, 2000, the trial court issued a Judgment Entry in which it approved and adopted the Magistrate's Decision. In addition, the trial court granted appellant's "Objection #1" and denied appellant's "Objections #2, #3, and #4." On November 27, 2000, appellant filed a timely Notice of Appeal. Thereafter, on November 29, 2000, the trial court ordered that the Judgment of Divorce and the Judgment regarding appellant's Objections be stayed during the pendency of appellant's appeal, conditioned upon appellant posting a bond. It is from the trial court's October 30, 2000, Judgment Entry that appellant appeals, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE MAGISTRATE'S FINDING ADOPTED BY THE TRIAL COURT THAT A 1977 HARLEY DAVIDSON MOTORCYCLE VALUED AT $5,000 WAS A MARITAL ASSET, AND ITS CONSIDERATION IN THE DIVISION OF MARITAL ASSETS WAS A CLEAR ABUSE OF DISCRETION, BECAUSE THERE WAS NO SUBSTANTIAL COMPETENT, CREDIBLE EVIDENCE SUPPORTING THIS DETERMINATION, AND IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR II THE MAGISTRATE'S DECISION ADOPTED BY THE TRIAL COURT ON SEPTEMBER 7, 2000 THAT ALLOCATED PAYMENT OF DEBT INCURRED DURING THE COURSE OF THE PARTIES' MARRIAGE WAS AN ABUSE OF DISCRETION.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION FOR A NEW TRIAL WHEN IT BECAME EVIDENT THAT APPELLEE'S [SIC] TESTIFIED FALSELY AT THE DIVORCE TRIAL.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form. This appeal shall be considered in accordance with the aforementioned rule.
 I
In the first assignment of error, appellant contends that the trial court's determination that a 1977 Harley Davidson Motorcycle, valued at $5,000.00, was marital property was not supported by the evidence and was against the manifest weight of the evidence. We find we must reverse and remand this matter to the trial court for clarification. We find that the Judgment Entry from which the appeal is taken is internally inconsistent. Appellant's Objection #1 to the Decision of the Magistrate concerned paragraphs 9(f) and 14 of the Magistrate's Findings of Facts filed September 7, 2000. (See Appellant's Objections filed on September 18, 2000.) In those paragraphs, the Magistrate recommended that the 1977 Harley Davidson Motorcycle be found to be marital property. In his Objections, appellant argued that the finding was not supported by any evidence in the record and was against the manifest weight of the evidence. Appellant, in a Memorandum filed on October 17, 2000, contended that the motorcycle was purchased prior to the marriage, should have been found to be premarital property, and should not have been found to be a marital asset. In its Judgment Entry ruling upon appellant's Objections, the trial court adopted and approved the Magistrate's Decision and granted appellant's "Objection #1." If the trial court's Judgment Entry is read literally, the trial court agreed with appellant that the motorcycle was not a marital asset and agreed with the Magistrate Decision that the motorcycle was a marital asset. It is clear that the Magistrate Decision found the motorcycle to be marital property and recommended an equal division of marital property which included the motorcycle on the appellant's side of the ledger. However, if the trial court meant to agree with appellant's Objection #1 and meant to find that the motorcycle was the separate premarital property of the appellant, the motorcycle should not have been included in the total marital property to be divided between the parties. Therefore, due to the inconsistencies presented, we reverse and remand this matter to the trial court for clarification.
 II and III
In that we find we must reverse and remand pursuant to the inconsistencies regarding the trial court's Judgment Entry, we find appellant's second and third assignments of error are premature. The Judgment of the Guernsey County Court of Common Pleas, Domestic Relations Division, is hereby reversed and remanded.
 _____________ Edwards, P.J.
Gwin, J. and Farmer, J. concurs.